fourth cause of action based on failure to warn. We agree with defendant that it has no duty to warn a knowledgeable user who is aware of the risks inherent in the product (*see, Liriano v Hobart Corp.,* 92 NY2d 232, 241; *Butler v Interlake Corp.*, 244 AD2d 913, 914). Factual issues exist, however, whether decedent was a knowledgeable user who was aware of the danger that the elevator doors would open even though the elevator car was not present, and, if not, whether the failure to warn was a proximate cause of the accident (*see, Butler v Interlake Corp., supra*, at 914-915).

We reject plaintiff's contentions that factual issues exist whether the elevator was defective at the time of its manufacture and installation. Defendant sustained its initial burden of proof by submitting an expert's affidavit that established that the elevator was manufactured in accordance with industry standards in effect at the time of manufacture and that defendant did not deviate from standards of proper elevator engineering at the time of installation. The affidavit of plaintiff's expert failed to controvert that proof. Statements in an attorney's affirmation not based on personal knowledge are insufficient to raise a factual issue (*see, Feszczyszyn v General Motors Corp.*, 248 AD2d 939, 941). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.

■ DAVID M. HEMMERLING, Individually and as Administrator of the Estate of DEBORAH A. HEMMERLING, Deceased, Respondent, v JAMES BARNES et al., Defendants, and STEVEN BARNES, Appellant. (Appeal No. 1.) [703 NYS2d 414] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Negligence.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.

■ DAVID M. HEMMERLING, Individually and as Administrator of the Estate of DEBORAH A. HEMMERLING, Deceased, Respondent, v JAMES BARNES et al., Defendants, and STEVEN BARNES, Appellant. (Appeal No. 2.) [702 NYS2d 731] —Amended judgment unanimously affirmed with costs. Memorandum: Plaintiff commenced this action seeking damages for the alleged negligence of, *inter alia*, Steven Barnes, D.O. (defendant) in providing medical treatment to Deborah A. Hemmerling (decedent). Supreme Court properly instructed the jury that, "[i]n a death action such as this * * * the plaintiff * * * is not held to as high a degree of proof as is required of an injured plaintiff who can describe what happened" (PJI 1:61 [3d ed];